Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LEIBS, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>SUPREME INDUSTRIES, INC., MARK D. WEBER, and MATTHEW W. LONG,<br><br>     Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Andrew Leibs ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Supreme Industries, Inc. ("STS"

or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired STS securities between July 22, 2016 and October 21, 2016, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.     Venue is proper in this District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Defendants maintain an office in this District and a significant portion of the Defendants' actions, and the subsequent damages, took place within this District.

5.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

Class Action Complaint for Violation of the Federal Securities Laws

**PARTIES**

6.    Plaintiff, as set forth in the accompanying Certification, purchased STS securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

7.    Defendant STS manufactures and sells truck bodies and specialty vehicles in the United States. STS is a Delaware corporation with a facility located in Moreno Valley, California. STS common stock is traded on the NYSE under the ticker symbol "STS".

8.    Defendant   Mark D. Weber ("Weber") has been STS's Chief Executive Officer ("CEO"), President and a director throughout the Class Period.

9.    Defendant Matthew W. Long ("Long") has served as STS's Chief Financial Officer ("CFO") throughout the Class Period.

10.    Defendants Weber and Long are sometimes referred to herein as the "Individual Defendants."

11.    Each of the Individual Defendants:

      (a)    directly participated in the management of the Company;

      (b)    was directly involved in the day-to-day operations of the Company at the highest levels;

      (c)    was privy to confidential proprietary information concerning the Company and its business and operations;

      (d)    was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

      (e)    was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

      (f)    was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

Class Action Complaint for Violation of the Federal Securities Laws

(g)     approved or ratified these statements in violation of the federal securities laws.

12.     STS is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to STS under *respondeat superior* and agency principles.

14.     Defendant STS and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS
## <u>Materially False and Misleading Statements</u>

15.     On July 22, 2016, the Company held a conference call to discuss the earnings of the second quarter of 2016. On the call, Defendant Long discussed earning  projections for the third quarter of 2016, stating in relevant part:

> And just to finish the commentary on the gross margin, Tristan, obviously, we have some serious leverage on our fixed cost with the increased volume as you look at the backlog, ***the backlog is going to settle more towards the way it looked Q3 last year.*** So, I wouldn't expect that same level of leverage on the fixed cost.

(Emphasis added).

16.     The statement referenced in ¶ 15 above was materially false and/or misleading because it misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the backlog figure from the third quarter of 2015 was a result of the timing of several

Class Action Complaint for Violation of the Federal Securities Laws

large orders placed in that quarter; (2) the backlog figure for the third quarter of 2016 would not be close to the backlog figure of the third quarter of 2015; and (3) as a result, Defendants' public statements about STS's business, operations and prospects were materially false and misleading at all relevant times.

**The Truth Emerges**

17.     On October 21, 2016, STS issued filed a Form 8-K with the SEC. Attached to the Form 8-K was a press release reporting on the earnings of the third quarter of 2016. The press release addressed a decline in backlog, stating in relevant part:

> **At the end of the third quarter of 2016, order backlog was $58.1 million, which was down from the $74.4 million in order backlog at the end of last year's same quarter. The timing of several large orders increased the backlog at the end of the third quarter 2015.**

(Emphasis added).

18.     On the same date, the Company held a conference call to discuss the earnings from the third quarter of 2016. On the call Defendant Weber discussed the decline in backlog, stating in relevant part:

> **Order back log at the end of the quarter was $58.1 million compared with $74.4 million at the same time last year. The lower back log comparison is due to two large fleet replacement orders and the timing of an annual fleet account order received during the third quarter of last year.** The current backlog position, while a reduction from last year, is in line with our historical third quarter backlog average since 2011. Orders for work trucks year-to-date remained better than 2015 actual orders and ahead of our internal plan.

(Emphasis added).

19.     Further on the conference call, Defendant Weber admitted that the circumstances surrounding the backlog of the third quarter of 2015 was unique, stating in relevant part:

- 5 -

Class Action Complaint for Violation of the Federal Securities Laws

The order activity in the first, I think five months of the year, was pretty strong. We saw -- on the retail side, saw it start to cool off a bit in that time period and it's sort of now in line with what the general commercial light-duty and medium-duty truck data would indicate here in the back half of the year. So, we had pretty strong momentum from orders. Our back was in good shape going in comparably. *Again, last year's back log was one of our stronger periods going into the third quarter. We were about on par with that. So, we had a solid backlog going into quarter.*

(Emphasis added).

20.     On this news, shares of STS fell $4.28 per share or over 23.8% from its previous closing price to close at $13.68 per share on October 21, 2016, damaging investors.

21.     Later that day, Cliffside Research published the report "The Party is Over For Supreme Industries, Inc." which discussed the significance of the huge percentage drop in backlog and insiders' knowledge of STS's struggling business by selling a substantial percentage of their STS stock, stating in relevant part:

> *Heavy insider selling in STS is a canary in the coalmine that should not be ignored.*
>
> \*      \*      \*
>
> The magnitude of the Q3 backlog weakness caught us off guard though. *Backlog of $58.1mil was down 22% year-over-year (yoy) and substantially weaker than we anticipated.*
>
> \*      \*      \*
>
> Based on the new backlog data and management's comments we now believe Q4 earnings will be down yoy. We also believe 2017 earnings will likely be flattish vs. 2016 and possibly down. STS was expensive before. Now it looks like valuation is off the charts.
>
> \*      \*      \*

Class Action Complaint for Violation of the Federal Securities Laws

Our interest in STS began when we noticed insider selling had become particularly heavy in 2016.

\*       \*       \*

Having thoroughly reviewed insider sales at STS we're of the opinion that they are selling because they believe the stock is overvalued. ***Out of the 12 members on the board, 10 have sold shares this year. Of the remaining two that did not sell, one joined the board this year and only has 204 shares. Specifically in 2016 insiders have been heavy sellers of STS in comparison to other years. To date they have sold over 800k shares this year compared to current holdings of 2.9mil shares by board members and executive insiders. That equates to 23% of their holdings since the beginning of the year.***

(Emphasis added).

22.     On this news, shares of STS fell $2.38 per share or over 17.3% from its previous closing price to close at $11.30 per share on October 24, 2016, damaging investors.

23.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

24.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired STS securities traded on the NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

Class Action Complaint for Violation of the Federal Securities Laws

25.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, STS securities were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by STS or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

26.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

27.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

28.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- •     whether the federal securities laws were violated by Defendants' acts as alleged herein;

- •     whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of STS;

- •     whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

Class Action Complaint for Violation of the Federal Securities Laws

- • whether the Individual Defendants caused STS to issue false and misleading SEC filings and public statements during the Class Period;

- • whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

- • whether the prices of STS securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- • whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

29.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

30.   Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- • Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- • the omissions and misrepresentations were material;

- • STS securities are traded in efficient markets;

- • the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- • the Company traded on the NYSE, and was covered by multiple analysts;

- • the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

Class Action Complaint for Violation of the Federal Securities Laws

•     Plaintiff and members of the Class purchased and/or sold STS securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

31.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

32.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

33.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

34.     This Count is asserted against STS and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

35.     During the Class Period, STS and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

36.     STS and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

•     employed devices, schemes and artifices to defraud;

Class Action Complaint for Violation of the Federal Securities Laws

- • made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- • engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of STS securities during the Class Period.

37.    STS and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of STS were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of STS, their control over, and/or receipt and/or modification of STS allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning STS, participated in the fraudulent scheme alleged herein.

38.    Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other STS personnel to members of the investing public, including Plaintiff and the Class.

39.    As a result of the foregoing, the market price of STS securities was artificially inflated during the Class Period. In ignorance of the falsity of STS's and

Class Action Complaint for Violation of the Federal Securities Laws

the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of STS securities during the Class Period in purchasing STS securities at prices that were artificially inflated as a result of STS's and the Individual Defendants' false and misleading statements.

40.    Had Plaintiff and the other members of the Class been aware that the market price of STS securities had been artificially and falsely inflated by STS's and the Individual Defendants' misleading statements and by the material adverse information which STS's and the Individual Defendants did not disclose, they would not have purchased STS's securities at the artificially inflated prices that they did, or at all.

41.     As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

42.    By reason of the foregoing, STS and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of STS securities during the Class Period.

**COUNT II**

**Violation of Section 20(a) of The Exchange Act**
**Against The Individual Defendants**

43.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44.    During the Class Period, the Individual Defendants participated in the operation and management of STS, and conducted and participated, directly and indirectly, in the conduct of STS's business affairs. Because of their senior positions, they knew the adverse non-public information regarding STS's business practices.

Class Action Complaint for Violation of the Federal Securities Laws

45.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to STS's financial condition and results of operations, and to correct promptly any public statements issued by STS which had become materially false or misleading.

46.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which STS disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause STS to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of STS within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of STS securities.

47.    Each of the Individual Defendants, therefore, acted as a controlling person of STS. By reason of their senior management positions and/or being directors of STS, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, STS to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of STS and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

48.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by STS.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

Class Action Complaint for Violation of the Federal Securities Laws

B.    Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post- judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: November 4, 2016                          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

Class Action Complaint for Violation of the Federal Securities Laws